United States District Court
Southern District of Texas

**ENTERED**

March 25, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANH VAN HUYNH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-354 |
| | § | |
| MARTIN FRINK, | § | |
| | § | |
| Respondent. | § | |

## ORDER GRANTING MOTION TO DISMISS

The petitioner, Danh Van Huynh, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 1), challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement. The petitioner, through counsel, has now filed a motion to dismiss the petition as moot on the grounds that he has been removed from the United States and is no longer in custody.

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). "Mootness has two aspects: 'when the issues presented are no longer live' or the parties lack a legally cognizable interest in the outcome.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496(1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of

mootness comes the concomitant designation of non-justiciability."
American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted).

Because the petitioner has been removed and is no longer in custody, this case is moot.  Accordingly, the Petitioner's motion to dismiss (Docket Entry No. 13) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 25th day of March, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-2-